NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JANINE GRASSO-HOCHEGGER, : <br> : <br> Plaintiff, : <br> : Civil Action No. 05-4311 (JAG) <br> v. : <br> : **OPINION** <br> COACH, INC., : <br> : <br> Defendant. : |  |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on Defendant Coach, Inc.'s ("Coach" or "Defendant") Motion for Judgment on the Pleadings, pursuant to FED. R. CIV. P. 12(c). For the reasons discussed below, Defendant's motion is granted.

## BACKGROUND[1]

Plaintiff Janine Grasso-Hochegger ("Plaintiff") was employed by Coach as a Help Desk Senior Technician until May 21, 1998, when she was terminated due to reorganization within her department. (Def.'s Br. 2.) After her employment was terminated, Coach offered severance benefits to Plaintiff in the amount of $6,979.00 in June 1998, in accordance with the terms of the

---

[1] Plaintiff's entire Complaint consists of the following three lines: "Plaintiff never received the revised amount of $13,958 under the Sara Lee Corporation Severance Pay Plan or the $6,979 originally offered by Coach, or any part thereof." (Compl., attached as Ex. A to Def.'s Notice of Removal.) Thus, this section also includes facts from Defendant's brief.

Sara Lee Corporation Severance Plan ("the Plan").  (Id.)[2]  According to Defendant, shortly thereafter, Plaintiff informed Coach that the offer for severance benefits was unacceptable, and failed to sign the Separation and Release Agreement required to receive benefits under the Plan. (Def.'s Br. 2-3.)  In her opposition, Plaintiff contends that in fact, she signed a revised agreement which was subsequently ignored.  (Pl.'s Opp'n 1.)  Plaintiff does not indicate when she signed the revised agreement, however, she does state that she hired an attorney within one year of her termination.  (Id. at 2.)

On July 29, 2005, Plaintiff filed a pro se Complaint in the Superior Court of New Jersey, Special Civil Part, Bergen County, claiming that Coach owes her $13,958 plus interest under the Plan.  (Def.'s Notice of Removal, Ex. A.)  On September 1, 2005, Coach removed the action to this Court, asserting federal question jurisdiction because the Plan at issue is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et. seq. (Def.'s Notice of Removal 2.)  After answering the Complaint on September 21, 2005, Coach moved for a judgment on the pleadings, claiming that Plaintiff's action is barred by the statute of limitations, and that Plaintiff is not entitled to collect under the Plan as she did not sign the Separation and Release Agreement.  (Def.'s Br. 1.)  Plaintiff has opposed Coach's motion, arguing that she did execute a revised agreement, and that the action is not time-barred because it is not a breach of contract action.  (Pl.'s Opp'n 1-2.)

---

[2] The Plan is appended to Defendant's Answer as Exhibit A.

## STANDARD OF REVIEW

Motions to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), must be "made before further pleading if further pleading is permitted"; that is, they must be brought before, and in lieu of, filing answers. See FED. R. CIV. P. 12(b)(6). By contrast, a Rule 12(c) motion may be made "after the pleadings are closed but within such time as not to delay the trial." See FED. R. CIV. P. 12(c). Coach has answered the Complaint. Thus, Coach's motion was brought properly as a motion for judgment on the pleadings, pursuant to FED. R. CIV. P. 12(c).

The difference between Rules 12(b)(6) and 12(c) is purely procedural, as 12(c) requests for dismissal are governed by the same standards as 12(b)(6) motions. See Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). Accordingly, this Court must accept all of Plaintiff's allegations as true and "draw all reasonable factual inferences in favor of the Plaintiff." Turbe, 938 F.2d at 428; see also Jablonski v. Pan American World Airways, 863 F.2d 289, 290-91 (3d Cir. 1988) (citation omitted). Furthermore, "[u]nder Rule 12(c), like Rule 12(b)(6), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Guralnick v. Supreme Court of New Jersey, 747 F. Supp. 1109, 1112 (D.N.J. 1990); see also Turbe, 938 F.2d at 428. Upon Rule 12(b) motions, federal courts may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998). Finally, this Court recognizes that pleadings by pro se plaintiffs are entitled to broad construction. Haines v. Kerner, 404 U.S. 519, 521 (1972); George v. Lykoming County Drug Task Force, No. 05-1775, 2006 WL 266127, at *1 (M.D. Pa. Feb. 2, 2006).

**DISCUSSION**

For all claims arising under ERISA, except those for breach of fiduciary duty, courts apply the most closely analogous state statute of limitations. Connors v. Consolidation Coal Co., 866 F.2d 599, 603 (3d Cir. 1989); see also DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 158-60 (1983) (when no applicable federal statute of limitations exists, courts should apply the most closely analogous state statute of limitations). Actions to recover payments due under an ERISA plan are governed by New Jersey's six-year statute of limitations for contract actions. See N.J. STAT. ANN. 2A:14-1 (2000); see also Stier v. Satnick Development Corp., 974 F. Supp 436, 439 (D.N.J. 1997); Hotel Employees & Restaurant Employees Int'l Union Welfare Fund v. Pub of New Jersey, 744 F. Supp. 91, 95 (D.N.J. 1990). A statute of limitations begins to run when a party becomes aware, or should have become aware, of the breach which gave rise to the cause of action. Connors v. Beth Energy Mines, Inc., 920 F.2d 205, 212 (3d Cir. 1990).

Plaintiff's termination was effective on May 21, 1998. (Def.'s Br. 2.) It is unclear when, if ever, Plaintiff signed the Separation and Release Agreement required by the Plan. The formation of a contract does not occur until execution if the parties clearly intend for the signing of a document to be a condition precedent to the formation. Smith v. Onyx Oil and Chemical Company, 218 F.2d 104, 108 (3d Cir. 1955). The Plan required that a Separation and Release Agreement be signed before an employee could become entitled to benefits under the Plan. (Def.'s Ans., Ex. A at 3.) If, as Defendant asserts, Plaintiff never signed the Separation and Release Agreement, no contract exists under which Plaintiff can assert a right to severance payments, and this action must be dismissed.

If, as Plaintiff contends, she signed a revised agreement, her action is still barred by the statute of limitations.  Plaintiff asserts that she signed a revised agreement, but provides neither the agreement, nor the date that it was signed.  (Pl.'s Opp'n 1.)  According to Defendant, as of June 17, 1998, Plaintiff had not signed a separation agreement.  (Def.'s Ans., Ex. C.)  Plaintiff asserts that she hired an attorney within one year of her termination because Coach had failed to provide her severance payment.  (Pl.'s Opp'n 2.)  There is no evidence on the record before this Court of any activity by this attorney on Plaintiff's behalf.  Plaintiff filed the instant action on July 29, 2005, more than seven years after she was terminated in May 1998, and offered severance benefits in June 1998.  This Court cannot engage in speculation or extrapolate from these facts that Plaintiff must have signed a revised separation agreement by a particular date.  There is no hint of Plaintiff signing a revised agreement by a certain date that would survive the imposition of the statute of limitations barring this action.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings, pursuant to FED. R. CIV. P. 12(c) is GRANTED.

Dated: May 8, 2006

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.